The opinion of the court was delivered by
Duncan, J.
On the case stated in the nature of a special verdict on the will of Samuel Parr, the court are of opinion that the plaintiffs were entitled to judgment.
The land devised to Benjamin was, in express terms, charged with the payment of the testator’s debts. “ It is my will and pleasure, that my son Benjamin, after my decease, pay all my just debts.” Benjamin took it With this burden; the purchaser at sheriff’s sale took it subject to this charge. If there had been a Court of Chancery here, the creditors would have obtained a decree for a sale of the estate devised to Benjamin, and only on a deficiency could any other property be resorted to. As between *314 the devisees and legatees, the residuary estate real and personal is exempt from the payment of debts, and specifically appropriated to the payment of the funeral expenses and legacies. The purchaser at sheriff's sale had notice of the debt, for judgment had been obtained: it was in its nature a schedule, and he took the estate subject to it. Having here bought at sheriff’s sale, the estate discharged by the testator, shall he hold it in satisfaction of that which he was bound to pay? I think not. Every principle of justice, every rule of equity, forbids this. He stands now in the shoes of Benjamin; he is the owner of both estates. Say, if you please, the legal title has vested in him; equity would decree that he should hold in trust. lie is now able to do what in equity he ought to have done — what equity would have decreed him to have done, and his purchase at sheriff’s sale shall enure to that very purpose. He was bound to pay the debts, at least the land in his hands: he has paid them, by the purchase of the property: he shall not be permitted, in a Court of Equity, to hold the property so as to exclude the other devisees from the right acquired under the will from which all deduce title, by a purchase for debts which his estate ought to have discharged. He shall not be permitted to say, “ True it is, I bought my lands subject to the payment of this debt. I ought to have paid it, but I did not; because, by suffering the lands of Mary and Deborah to be sold, which I ought not to have done, I can make the estate pay my debts. I could buy it in, and discharge my own, which was properly chargeable. I can hold your lands, to discharge a debt which my own ought to have paid.” Equity always supposes that to have been done which a man ought to have done, and to be done at the time he ought to have done it; and, where he is in a situation to do that which he ought to have done, it shall be supposed that he put himself in a situation for the purpose of doing it: as, here, that he bought for the use of those who ought to hold the lands discharged of those debts, for the purpose that they should so hold them.
Lemon represents Benjamin: Benjamin took the estate subject to the payment of these debts. Lemon took it so subject, for he had notice: the judgment against Samuel’s executors, when it was sold, was notice to him. Shall he, by suffering the lands of the plaintiffs to be sold for that to which his own land was subject, and purchasing it in himself, by this manoeuvre, I call it by no harsher name, cast the burden off his own shoulders and put it on theirs, make the land pay his debt, strip the plaintiffs of their patrimony, by omitting to do that which it was his duty to have done, and thus ease himself of the burden? Equity, in that case, will say he shall be considered as having done this for the benefit of the estate, to carry into effect the will of the testator, and will convert him into a trustee.
Judgment reversed, and judgment to be entered for the plaintiffs in error.